1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN WAYNE BONILLA,                        No.  2:18-cv-2558 DB P

12                    Plaintiff,

13          v.                                       ORDER

14    SIERRA COUNTY,

15                    Defendant.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff has neither filed an application to proceed in forma pauperis pursuant to

19    28 U.S.C. § 1915 nor paid the filing fee for this action.

20          In this case, plaintiff names Sierra County as a defendant.  However, it appears he is

21    challenging the fact or duration of his confinement at San Quentin State Prison pursuant to a

22    capital murder conviction.  (ECF No. 1.)  Plaintiff was convicted in Alameda County, which is in

23    the Northern District of California.  People v. Bonilla, 41 Cal. 4th 313 (2007).

24          To the extent plaintiff is raising claims which would be cognizable in a habeas corpus

25    action under 28 U.S.C. § 2254, courts in both the district of conviction and the district of

26    confinement have concurrent jurisdiction over applications for habeas corpus filed by state

27    prisoners.  See 28 U.S.C. § 2241(d); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484

28    (1973).  In this case, because the county of conviction is located within the boundaries of the

                                                   1

1   Northern District of California and because the place of incarceration is also located in the

2   Northern District of California, that court is the proper venue to hear the matter under § 2254.

3       The federal venue statute provides that a civil action "may be brought in (1) a judicial

4   district in which any defendant resides, if all defendants are residents of the State in which the

5   district is located, (2) a judicial district in which a substantial part of the events or omissions

6   giving rise to the claim occurred, or a substantial part of property that is the subject of the action

7   is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

8   this action, any judicial district in which any defendant is subject to the court's personal

9   jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

10      In this case, the claim arose in Alameda County, which is in the Northern District of

11  California.  Therefore, plaintiff's claim should have been filed in the United States District Court

12  for the Northern District of California.  In the interest of justice, a federal court may transfer a

13  complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v.

14  McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

15      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

16  States District Court for the Northern District of California.

17  Dated:  March 28, 2019

18

19

20  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

21

22

23  DLB:12
    DLB:1/Orders/Prisoner/Civil.Rights/boni2558.21a

24

25

26

27

28

                                     2